**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRIANANTO BUDIONO,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

No.    14-72788

Agency No. A095-629-888

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Triananto Budiono, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen.  *Najmabadi v. Holder*,

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Budiono's motion to reopen as untimely where the motion was filed more than six years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Budiono failed to provide sufficient evidence of materially changed country conditions in Indonesia to qualify for a regulatory exception to the time limitation for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (the BIA may deny a motion to reopen for failure to establish materially changed country conditions).

We reject Budiono's contention that the BIA failed to consider arguments or record evidence, or otherwise erred in analyzing his claim. *See Najmabadi*, 597 F.3d at 990-91 (the court "defer[s] to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law").

**PETITION FOR REVIEW DENIED.**